UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD WEST, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV1450 JCH |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant(s). ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Ford Motor Company's Partial Motion to Dismiss, filed October 12, 2007. (Doc. No. 4). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

By way of background, Plaintiff Reginald West is an African-American male, who has been employed by Defendant since 1997. (Compl., ¶¶ 2, 4). On September 28, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Defendant's Partial Motion to Dismiss, Exh. 1). In his Charge, Plaintiff stated that he was discriminated against by his employer, Ford Motor Company, on the bases of race, disability, and retaliation. (Id.). When asked to describe the allegedly discriminatory acts, Plaintiff stated as follows:

I. I was employed on June 25, 1997, as an Assembler. I participated in a EEO lawsuit and I have filed two prior charges of employment discrimination against the company. I was denied a transfer from the St. Louis Assembly Plant to the Kansas City Assembly Plant.

II. I was granted a transfer and the transfer was subsequently rescinded. Thereafter, a decision was made by the company to schedule[] me to take a medical examination, to evaluate the status of my occupational restrictions before the transfer could be completed. After the medical evaluation, I received a letter from the company dated, September 18, 2006, stating that I was denied a transfer based upon the company's decision that I was unable to perform requisite skills and ability to perform entry-level assembly tasks.

> III. I believe that I was denied a transfer because of my disability in violation of the Americans with Disabilities Act and in retaliation for participating [in] an EEO lawsuit and filing two previous charges of employment discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended.

(Id.). Notably, Plaintiff did not state he believed the discrimination occurred as a result of his gender or religion. (Id.).

Plaintiff filed the instant Complaint on August 15, 2007, naming as Defendant Ford Motor Company. (Doc. No. 1). Plaintiff asserts Defendant's actions violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Id., ¶ 1). Specifically, Plaintiff alleges Defendant engaged in race, gender and religious discrimination, when it (a) failed to transfer Plaintiff, (b) failed adequately to investigate complaints made by Plaintiff, and (c) failed to provide a work environment for Plaintiff that was not hostile. (Id., ¶5).

As stated above, Defendant Ford Motor Company filed the instant Partial Motion to Dismiss on October 12, 2007. (Doc. No. 4). In its motion, Defendant maintains Plaintiff's gender and religious discrimination claims must be dismissed due to Plaintiff's failure to exhaust his administrative remedies, because he failed to claim gender and religious discrimination within his Charge of Discrimination before the EEOC. (Defendant's Memorandum in Support of Partial Motion to Dismiss ("Defendant's Memo in Support"), PP. 1-2). Defendant further maintains Plaintiff's claims of discrimination on the basis of Defendant's alleged failure to investigate Plaintiff's complaints or to provide a non-hostile work environment must be dismissed as well, for the same reason. (Id., P. 2).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable

inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

### DISCUSSION

As stated above, in its Partial Motion to Dismiss, Defendant asserts Plaintiff's gender and religious discrimination claims are barred due to his failure to file an EEOC charge alleging such forms of discrimination. (Defendant's Memo in Support, PP. 1-2). Specifically, Defendant notes that in the section where Plaintiff was to check boxes identifying the bases of discrimination, he marked only "Race," "Disability," and "Retaliation," leaving the "Sex" and "Religion" boxes unchecked. (Id., P. 2). Defendant further notes that Plaintiff's Charge of Discrimination with the EEOC lacks any reference whatsoever to gender or religious discrimination. (Id.).[1]

Title VII requires claimants timely to file a charge of discrimination with the EEOC before bringing an action in court. See 42 U.S.C. § 2000e-5(e)(1). The subsequently filed lawsuit need not mirror the administrative charges, however. Duncan v. Delta Consolidated Industries, Inc., 371 F.3d 1020, 1025 (8th Cir. 2004). Rather, the Eighth Circuit has held that, "[i]n determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the

---

[1] Defendant points out the body of Plaintiff's EEOC charge contains no reference to discrimination on the basis of race, either. (Defendant's Memo in Support, P. 2). Defendant does not ask that Plaintiff's entire race discrimination claim be dismissed at this time, however.

plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. American Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (internal quotations and citation omitted). "Allegations outside the scope of the EEOC charge....circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Duncan, 371 F.3d at 1025 (internal quotations and citations omitted).

Upon consideration, the Court finds Plaintiff did not allege gender or religious discrimination in his EEOC Charge of Discrimination. Further, the Court holds Plaintiff's claims of gender and religious discrimination are in no way like or reasonably related to the race, disability, and retaliatory discrimination allegations contained in his administrative charge. See Duncan, 371 F.3d at 1025.[2] Plaintiff therefore did not administratively exhaust his gender and religious discrimination claims, and so Defendant's Partial Motion to Dismiss on this basis must be granted. Id. at 1026.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ford Motor Company's Partial Motion to Dismiss (Doc. No. 4) is **GRANTED**.

---

[2] In Duncan, the plaintiff filed her EEOC charge *pro se* as well, and the court addressed her unrepresented status as follows:
> We are mindful that Ms. Duncan filed her EEOC charge *pro se*. [C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs....We....therefore, when appropriate, construe civil-rights and discrimination claims charitably....Even so, there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.

Duncan, 371 F.3d at 1025 (internal quotations and citations omitted).

[3] Plaintiff does not dispute Defendant's claim that because his EEOC charge was limited specifically to his denied transfer, his other claims of race discrimination must be dismissed. The Court thus will dismiss those claims as well, allowing only Plaintiff's claim that he allegedly was denied a transfer on the basis of his race to proceed. See Duncan, 371 F.3d at 1025.

Dated this <u>10th</u> day of December, 2007.

                                                  /s/ Jean C. Hamilton
                                                  UNITED STATES DISTRICT JUDGE